# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 15, 2000 Session

## STATE OF TENNESSEE v. TIMOTHY TYRONE SANDERS

### Direct Appeal from the Circuit Court for Bedford County
### No. 14492     William Charles Lee, Judge

---

### No. M2000-00603-CCA-R3-CD - Filed January 18, 2001

---

The Appellant, Timothy Tyrone Sanders, was convicted by a Bedford County jury of possession of more than .5 grams of cocaine with intent to sell. The Appellant was sentenced to seventeen years six months as a range II offender. On appeal, he raises the following issues: (1) whether the evidence was sufficient to support the verdict; (2) whether the trial court erred by not instructing the jury on the lesser-included offense of simple possession; and (3) whether the trial court improperly sentenced the Appellant. After review, we conclude that the trial court erred in not instructing the jury on simple possession. Accordingly, we reverse and remand for a new trial.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded.

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

John B. Nisbet, III, Cookeville, Tennessee, and Donna Orr Hargrove, Public Defender; Andrew Jackson Dearing, III, Asst. Public Defender, Shelbyville, TN.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, William Michael McCown, District Attorney General, and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Appellant, Timothy Tyrone Sanders, was indicted by a Bedford County Grand Jury for possession of more than .5 grams of cocaine with intent to sell, unlawful possession of a firearm, driving while under the influence of an intoxicant, and violation of the open container law. A jury trial was held on October 25, 1999. Prior to trial, the Appellant pled guilty to DUI and violation of the open container law. Additionally, the trial court granted the Appellant's motion for judgment

of acquittal on the unlawful possession of a weapon charge.[1] After trial, the jury found the Appellant guilty of possession of cocaine with intent to sell.

On November 15, 1999, the trial court sentenced the Appellant as a range II, multiple offender, to seventeen years six months for possession of cocaine with intent to sell. The Appellant also received a concurrent sentence of eleven months twenty-nine days for driving while under the influence of an intoxicant. On appeal, the Appellant raises the following issues for our review: (1) whether the evidence was sufficient to support the verdict; (2) whether the trial court erred in not instructing the jury on the lesser-included offense of simple possession; and (3) whether the trial court improperly sentenced the Appellant. After review, we find the trial court erred by not instructing the jury on simple possession. As such, we reverse and remand for a new trial.

## Background

On October 30, 1998, James Wilkerson and Tony Collins, narcotics officers with the Shelbyville Police Department, were assigned to patrol Bird Street due to "numerous complaints of high drug activity in that area." As the officers approached the intersection of Bird and Deery in their unmarked S-10 Blazer, they observed a 1980 Pontiac Bonneville being driven erratically. The officers began to follow the Pontiac vehicle. As the vehicle entered the driveway of a residence, the officers pulled in behind the Pontiac to investigate. The driver of the Pontiac, later identified as the Appellant, immediately got out of the vehicle and approached Detective Wilkerson. Detective Wilkerson described the Appellant's demeanor:

> He had a strong odor of an alcoholic beverage about his face. His eyes were very bloodshot and he was just shaking. He just had a real, real bad tremor all over. He was sweating just terribly bad . . . the way he was sweating, the tremors the body signals . . . I knew something was wrong but I didn't know what.

Two other occupants remained in the car: Willie Webster, who was seated in the front passenger side, and Makeva Sutton, Webster's girlfriend, who was seated in the back seat.

Sutton and Webster were removed from the vehicle. A loaded shotgun, described as a 12 gauge tactical pump Winchester, was located between the driver's seat and the console. In the driver's seat, officers found a Crown Royal bag with two small plastic bags containing 3.5 grams of crack cocaine with a street value of approximately $350.00. A search of the Appellant revealed $95.00 in his left front shirt pocket. A search of Webster's person produced $2,120.25 in small denominations and a beeper. Webster also admitted that the shotgun was his and that he had recently purchased it. Although Webster told officers at the scene that the Pontiac belonged to him, it was later established that this vehicle, which was driven by the Appellant, was actually titled in Sutton's

---

[1]The trial court dismissed the unlawful possession of a weapon charge at the close of the State's case due to a defect in the indictment.

name.  A search of Sutton's person revealed only a pack of rolling papers in her right rear pocket.  Based upon this proof, the Appellant was convicted of felony possession of cocaine with intent to sell.

## I. Lesser-Included Offense Instruction

The Appellant contends that the trial court erred in failing to instruct the jury on the offense of simple possession as a lesser-included offense of possession with intent to sell.  At the close of the evidence, the Appellant specifically requested an instruction on the lesser offense of simple possession, which was denied.  It is important to note at this juncture, irrespective of any request for a lesser-included jury instruction, that the statutory provisions of TENN. CODE ANN. § 40-18-110 (a), require:

> It is the duty of all judges charging juries in cases of criminal prosecutions for any felony where two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so.

Our supreme court, in the recent case of State v. Burns, 6 S.W.3d 453 (Tenn. 1999), established a two-part test for determining whether an instruction for a lesser-included offense must be given.  First, each of the elements of the lesser offense must be a necessary element of the offense charged:

> An offense is a lesser-included offense if:
>
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:
> (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
> (1) facilitation of the offense charged . . . ; or
> (2) an attempt to commit the offense charged . . .; or
> (3) solicitation to commit the offense charged . . . .

Second, upon a finding that the requested lesser offense satisfies the "legal" prong of the Burns test, the trial court must then perform the following two-step analysis within this "factual" prong:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense.  In making this determination,

the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence.

Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Burns, 6 S.W.3d at 469. With respect to the first or "legal" prong of the Burns test, it is undisputed that a charge of misdemeanor possession is a lesser-included offense of felony possession with intent to sell. This is true for two reasons: (1) It is so denominated by our legislature, TENN. CODE ANN. § 39-17-419; and (2) It meets the statutory elements test of Burns. We, in turn, proceed with our examination of the second or factual prong.

As previously noted, when deciding whether any evidence exists such that reasonable minds could accept the lesser-included offense, the trial court "must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence." Burns, 6 S.W.3d at 469. In order to support a conviction for possession with intent to sell, the State must prove more than mere possession through evidence which shows that the possessor intends to distribute rather than use the drugs. Circumstances supporting evidence of simple possession may include, but are not limited to, situations where small amounts of drugs are found (i.e. where the amount of the substance does not exceed the amount needed for immediate personal use), whether the defendant is addicted to the drug found in his possession, the resale value of the drug possessed, whether the purity level exceeded "street" purity levels, the presence of drug paraphernalia, the absence of large amounts of cash or weapons, and whether the substances were packaged in a manner commonly used in illegal street drug transactions.

At trial, the State argued that the lesser-included offense of simple possession should not be submitted to the jury because the amount of the drugs possessed were seven times greater than that required for felony possession. In denying the requested instruction, the trial court relied primarily upon the amount possessed, i.e. 3.5 grams.[2] This reliance is misplaced. It is true that our criminal code provides that a defendant who possesses less than .5 grams of cocaine with the intent to sell is guilty of a class C felony and that a defendant who possesses .5 grams or more with the intent to sell is guilty of a class B felony. TENN. CODE ANN. § 39-17-417(c)(1)(2). These assigned amounts, however, apply only to the crime of felony possession with the intent to manufacture, deliver or sell and not to simple possession. In response to the jury's question in this case of where does the "simple possession line end and the intent to sell line begin," it is obvious that our legislature in its

_____

[2]The trial court noted: "Well, from the proof that is in the record, this is 3.5 grams, and the officer testified that generally speaking you can buy it in tenths of a gram."

enactment of the crime of simple possession chose not to draw a line, leaving instead that determination for the jury after consideration of all of the relevant facts attendant to the possession.[3]

TENN. CODE ANN. § 39-17-419 provides in relevant part as follows:

It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing.

This inference *would have permitted* the jury to find, based solely upon the Appellant's possession of 3.5 grams of cocaine, that he intended to sell the cocaine which he possessed.[4] This does not mean, however, that the jury is required to make this finding. In determining whether or not there was possession with the intent to sell, the jury is required to consider all of the facts and circumstances surrounding the drug transaction and arrest. Again, it is within the jury's province whether or not to draw the inference when, as in this case, a factual dispute as to intent is presented. As recognized in Burns:

A trial court's failure to inform the jury of its option to find the defendant guilty of the lesser offense would impair the jury's truth-ascertainment function. . . . To permit this would force the jury to make an 'all or nothing' choice between conviction of the crime charged or complete acquittal, thereby denying the jury the opportunity to decide whether the defendant is guilty of a lesser-included offense established by the evidence.

Burns, 6 S.W.3d at 471, 472 (citations omitted).

In the present case, the proof, in the light most favorable to the existence of the lesser-included offense, reveals that two small plastic bags containing crack cocaine were found in the

---

[3]During jury deliberations, the jury posed the following question:

Our question is if a person or persons had in possession 3.5 grams of crack cocaine would there be an automatic charge of intent to sell or at what point would there - I guess our question is when does the simple possession line end and the intent to sell line begin?

After a conference with counsel, the trial court found that a supplemental instruction of simple possession was not warranted.

[4]We acknowledge that the amount possessed would have supported an affirmance of the conviction in a sufficiency review had the jury been instructed on simple possession. We emphasize, however, the different standards of review for sufficiency of the evidence and failure to instruct upon a lesser-included offense. In a sufficiency review of the evidence, we are required to examine the facts in the light most favorable to the State, *see* State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), *cert denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993), whereas in a lesser-included review, the facts are examined in the light most favorable to the defendant, *see* Burns, 6 S.W.3d at 469.

vehicle the Appellant was driving. Neither the car, nor the gun located in the car, nor the beeper at the scene belonged to the Appellant. Likewise, only $95 in cash was found on the Appellant while $2,120.25 was found on passenger Webster. The State offered no testimony or evidence at trial that the Appellant had sold or was attempting to sell the cocaine. Although the proof established that the cocaine was packaged for distribution, the fact remains that only two small packages were involved. Detective Wilkerson's testimony was that the Appellant was "having tremors and sweating feverishly," which are recognized symptoms of substance abuse. In the light most favorable to the existence of the lesser offense of simple possession, these facts would permit a rational jury to infer that the Appellant acquired the cocaine from Webster and that possession was for personal use as opposed to an intent to distribute. As such, the jury should have been given the opportunity to decide between the lesser and greater offense. By this holding, we do not wish to imply that an instruction on simple possession must be charged in every felony possession case. Clearly, an instruction on simple possession is not required when a large quantity of a controlled substance is possessed or where the relevant facts surrounding the possession are consistent only with an intent to sell or deliver.

## CONCLUSION

We conclude from our review of the evidence under the required analysis of Burns, that an evidentiary dispute was presented with respect to the Appellant's purpose for possession and that such dispute requires resolution by the jury. Moreover, we conclude that under the second prong of the Burns analysis, the evidence was legally sufficient to have supported a conviction for simple possession.

Finding the trial court erred in failing to instruct the jury on the lesser-included offense of simple possession, we vacate the judgment of conviction and remand for a new trial. As such, we find it unnecessary to address the remaining issues asserted on appeal.

_____
DAVID G. HAYES, JUDGE